RIOS *v.* RIOS ET AL.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 152.—Resuelto en Diciembre 24, 1904.

DOMINIO.—Aunque una declaratoria de dominio sea materia de un juicio promovido para obtener la nulidad del expediente en que se dictara, mientras tal nulidad no se decrete, el dominio subsiste con todas sus consecuencias legales en favor de la parte á cuya instancia se declarara.

COMUNIDAD DE BIENES.—A falta de contratos ó disposiciones especiales por las que debe regularse la comunidad de bienes, ésta deberá regirse por las prescripciones del Título 3, Libro 2, del Codigo Civil.

ID.—ADMINISTRACIÓN DE LA COSA COMÚN—ACUERDO DE LA MAYORÍA DE LOS PARTÍCIPES.—Los acuerdos de la mayoría de los partícipes, con respecto á la administración y mejor disfrute de la cosa común, serán obligatorios para

todos los partícipes, y se entenderá que hay mayoría cuando el acuerdo esté tomado por los partícipes que representen la mayor cantidad de los intereses que constituyan el objeto de la comunidad.

Id.—Acuerdo Perjudicial á los Partícipes.—En los casos en que no hubiere mayoría entre los partícipes, ó el acuerdo de ésta fuere gravemente perjudicial á los interesados en la cosa común, la Corte de Distrito dispondrá lo que corresponda pudiendo nombrar un administrador.

Id.—Derechos Privados de los Partícipes.—Cuando parte de la cosa común perteneciere privadamente á uno ó más partícipes, no le serán aplicables á esa parte los preceptos y doctrinas que regulan la comunidad de bienes.

Id.—Falta de Acuerdo Entre Los Partícipes—Administrador.—En los casos en que los partícipes en la comunidad no pudieren llegar á un acuerdo por lo que respecta á la administración y disfrute de los bienes comunes, procederá el nombramiento de un administrador.

Id.—Arrendamiento de los Bienes Comunes.—La circunstancia de que exista un contrato de arrendamiento sobre las fincas comunes en nada se opone al nombramiento de un administrador para las mismas, pues tal contrato no habria de impedirle el ejercicio de sus funciones como tal administrador.

Id.—División de la Comunidad—Derecho de Dominio de los Partícipes.—El nombramiento de un administrador para los bienes comunes no prejuzga el resultado de los pleitos que hubiere pendientes ó que pudieran entablarse sobre división de la comunidad ó sobre los derechos de dominio de los partícipes.

Id.—Bienes Sujetos á Juicio—Incidentes.—La administración de bienes sujetos á juicio forma incidente separado del juicio mismo, no siendo necesario los trámites de un juicio ordinario para resolver punto de mera administración.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Vias Ochoteco.*

Abogados de los apelados: *Sres. Lopez Landrón y Guzman Benítez (Juan).*

El Juez Asociado Sr. Hernández, emitió la opinión del Tribunal.

Seguíase ante el Tribunal de Distrito de Humacao pleito sobre nulidad de un contrato privado de transacción, celebrado por Doña Manuela Gutman, viuda de Bustelo, y sus hijas de primer matrimonio, nombradas Doña Petronila Patricia Rios de Noya y Doña María Rios, viuda de Rubio, á cuyo juicio, promovido por Doña María Rios, fué acumulado otro que promovió Doña Petronila Patricia Rios, sobre división de la comunidad de bienes originada por aquella transacción, y en ese segundo juicio la representación de Doña Pe-

tronila Patricia Rios promovió incidente, con fecha once de Noviembre de mil novecientos dos, para que, con las formalidades legales, se nombrara un Administrador que se encargara del mejor cuidado, conservación, fomento y explotación de las fincas objeto del condominio, inscritas en el Registro de la Propiedad á favor de Doña María y de Doña Petronila Patrica Rios, siendo esas fincas según certificación expedida por el Registrador de la Propiedad de Humacao las siguientes, bajo las colindancias que en dicha certificación se expresan:

1º. Una denominada "Los Braciles," sita en el barrio de Antón Ruiz, de la jurisdicción de Humacao, compuesta de ciento cincuenta y ocho cuerdas veinte y tres centavos: Otra llamada "Lebrón"en el mismo barrio de Antón Ruiz, compuesta de veinte y cinco cuerdas con veinte y siete milésimas: Otra sin nombre, en el propio barrio, de diez y ocho cuerdas cuarenta céntimos: Otro también sin nombre, en el repetido barrio, de cuarenta y tres cuerdas sesenta y nueve céntimos: Otra nombrada "Estancia Peña" igualmente en el barrio de Antón Ruiz, de veinte cuerdas: y otra denominada "San José de las Mulas" sita en los barrios Antón Ruiz y Manviche, jurisdicción de Humacao, que se extiende al barrio de Río Banco de la jurisdicción de Naguabo, compuesta de mil seiscientas sesenta y seis cuerdas con veinte y seis milésimas.

Alega Doña Petronila Patricia Rios de Noya, en apoyo de su pretensión, que siendo ella y Doña María dueñas por iguales partes de las fincas expresadas, es justo que participen ambas en la misma proporción así en las utilidades ó beneficios como en las cargas, y como la segunda es la que viene disfrutándolas, sin percibir un céntimo la demandante, no obstante la posesión judicial que se le dió por el Tribunal, sin que aquella haya querido prestarse á la división del condominio, es necesario poner término á ese estado de cosas, constituyendo una administración judicial con arreglo al párrafo 3º. de lartículo 389 del Código Civil.

El Tribunal de Humacao, por providencia de doce de Noviembre citado, dió traslado á Doña María Rios de la demanda incidental propuesta, y contra esa providencia ejercitó su representación recurso de reposición, alegando que no se trataba propiamente de una cuestión incidental á la demanda en que se ejercita la acción *communi dividundo,* y por tanto debió rechazarse de oficio el incidente en conformidad con lo que prescribe el artículo 742 de la Ley de Enjuiciamiento Civil; pero á dicho recurso se opuso la representación de Doña Petronila Patricia Rios, por estimar que se trataba de un verdadero incidente al juicio en que se ejercitó la acción *communi dividundo,* y la Corte de Humacao, por auto de treinta y uno de Diciembre siguiente, denegó la reforma solicitada y previno á la Doña Maria que contestara la demanda incidental.

Hízolo así Doña María Rios, y se opuso á dicha demanda, alegando que ésta no podia calificarse de incidental, por no tener influencia notoria en el resultado del pleito principal, y no relacionarse con la validéz del procedimiento, estando embebido su objeto en la misma acción principal, ya que divididas las fincas para determinar la porción de ellas correspondiente á Doña Petronila en el caso de que así se dispusiera por sentencia, es claro que esa porción tenia que pasar en pleno dominio al copartícipe adjudicatario con absoluta libertad de administrarla y disfrutarla; que si la intención de la parte contraria es conseguir, como parece deducirse de sus mismas afirmaciones, que Doña Maria Rios no continúe apropiándose los productos de las fincas, cosa que es incierta en absoluto, viene á ejercitar en forma de incidente uno de los derechos dominicales de que se considera privada, cual es el derecho de usufructo, lo que no puede discutirse en un incidente, sino en un juicio ordinario: que existiendo como existe pendiente un pleito sobre nulidad de un contrato privado de división de bienes hereditarios, mal llamado de transacción, y de un expediente de dominio, de cuya final resolución dependen todas las gestiones ya realizadas, y que pueda reali-

zar la representación de Doña Petronila, referentes á fincas comprendidas en los mencionados contrato y expediente, no puede, hoy por 'hoy, ser atendida la súplica sobre administración, formulada por Doña Petronila, pues cualquier de-. terminación que se adopte en órden á esa administración, acarrearía graves responsabilidades é implicaría un prejuicio por parte de los Jueces que en definitiva tienen que declarar si las fincas que aparecen inscritas en el Registro, á nombre de Doña María, y Doña Petronila Rios, son de su exclusiva propiedad, ó si por el contrario pertenecen hoy, por fallecimiento de Doña Manuela Gutman, á todos los herederos de dicha señora y de su primer esposo Don José Ma. Rios: que el artículo 398 del Código Civil podrá ser aplicado convenientemente, cuando se trate de una comunidad de bienes perfectamente determinada por la designación de los partícipes, pero no cuando, como en el persente caso, se ha movido litigio respecto á ese particular; que habiendo sido promovido el incidente dentro del pleito que Doña Petronila inició para obtener la división de la comunidad de bienes, cuyo pleito fué mandado acumular al de rescisión y nulidad de contrato llamado de transacción y de nulidad del expediente de dominio tramitado en su consecuencia, es claro que por las mismas razones que se tuvieron en cuenta para acordar la acumulación de ambos pleitos, tampoco 'hoy se puede dictar en el incidente una resolución que pueda resultar contradictoria con la sentencia definitiva que en su día ha de recaer en aquellos juicios, y menos puede entregarse la administración de los bienes, de que se trata, á una persona extraña, con notorio perjuicio de Doña Maria Rios y los demás partícipes de los bienes comunes; que Doña María Rios viene poseyendo la hacienda Mulas, en virtud de un contrato escrito de arrendamiento, celebrado con Doña Manuela Gutman, cuyo contrato debe ser respetado por sus herederos todos, entre los cuales se encuentra Doña Petronila, pues subsiste mientras no se declare extinguido por sentencia de los Tribunales ó por voluntad de todos los herederos de Don José

Ma. Rios y de Doña Manuela Gutman; que las fincas en cuestión no son de la exclusiva pertenencia de Doña Maria y Doña Petronila Rios, como lo comprueba el hecho de haberse venido pagando arrendamiento á Doña Manuela Gutman hasta la época de su fallecimiento; y que la sentencia del Tribunal Supremo de España de 20 de Junio de 1900, establece de un modo terminante que en los pleitos en que se ejerciten las acciones *communi dividundo y familae erciscundae* no debe comprenderse nada más que la división de la cosa ó de la herencia comunes.

Encontrándose el incidente en el trámite de prueba, fué citada la Sucesión de Doña Manuela Gutman, á petición de Doña Maria Rios, por entender su representación que dicha Sucesión debia ser parte en el incidente, toda vez que Doña Manuela lo habia sido en el juicio sobre nulidad de transacción y expediente de dominio, á cuyo juicio fué acumulado el de división de comunidad de bienes; y habiéndose personado el Letrado Don Rafael López Landrón en representación de los hijos del segundo matrimonio de Doña Manuela, no formuló oposición á la demanda incidental, y antes por el contrario, en el acto del juicio oral, manifestó expresamente que no se oponía á dicha demanda.

De las pruebas practicadas á instancias de ambas partes aparece, entre otros particulares, que no son atinentes á la materia del debate:

1°. Que á virtud de transacción celebrada entre Doña Manuela Gutman y sus hijos Doña Petronila y Doña María, las tres promovieron expediente de dominio para justificar el de los bienes inmuebles que respectivamente les correspondian á virtud de dicha transacción, siendo los de Doña Petronila y Doña Maria, en común proindiviso, los mismos á que se refiere la demanda incidental, cuyo expediente de dominio fué aprobado por la Corte de Distrito de Humacao en auto de diez y seis de Noviembre de 1901, habiendo declarado esta Corte Suprema sin lugar, por resolución de cuatro de Junio

del año siguiente, el recurso de casación interpuesto contra el mencionado auto: 2°. que por auto de nueve de Julio de mil novecientos dos, en expediente promovido por Doña Petronila sobre posesión judicial de varias fincas, que son las mismas á que se refiere la administración solicitada, acordó la Corte de Distrito de Humacao se diera posesión á Doña Petronila en su mitad proindiviso de las fincas expresadas, sin que conste que tal posesión se llevara á cabo:

3°. que por documento privado, otorgado en trece de Noviembre de 1897, Doña Manuela Gutman, viuda de Bustelo, como representante de la Sucesión Rios, arrendó á Don Ricardo Rubio, difunto esposo de Doña María, la estancia denominada "Mulas," por término de cuatro años, que empezarían á contarse desde el dia primero de Diciembre de dicho año y por precio mensual de doscientos pesos de la moneda corriente al verificarse cada pago, de cuyos doscientos pesos correspondían cincuenta á la Sucesión Bustelo, por tener cuarenta cuerdas de vega en dicha estancia: 4°. que Doña Maria Rios ha presentado recibos de arrendamiento de la hacienda "Mulas," correspondientes á los meses de Enero, Febrero, Marzo, y Abril de mil novecientos uno, y de Mayo del mismo año á Enero de mil novecientos dos: 5°. que con fecha 26 de Diciembre de 1901, Doña Petronila Rios demandó ante la Corte de Distrito de Humacao á Doña Maunela Gutman, para que le hiciera entraga inmediata de todos los terrenos y pertenencias que componían el fundo denominado "San José de las Mulas," radicado en jurisdicción de Humacao, y de todos los terrenos que constituyen la hacienda denominada "Culo prieto," sita en jurisdicción de Naguabo, con la consiguiente indemnización de daños y perjuicios, excluyendo cuarenta cuerdas del primer fundo pertenecientes á la Sucesión Bustelo, á cuya demanda contestó Doña Manuela, entre otras cosas, que Doña Maria Rios, viuda de Rubio, era la que oponía obstáculos á la pretensión de la demandante: 6. que también Doña Maria Rios demandó en conciliación ante el Juzgado Municipal del Distrito

de Catedral de esta Ciudad, con fecha 31 de Octubre de 1901, á Doña Manuela Gutman, entre otros particulares, para que le hiciera entrega de la estancia denominada "Culo prieto" de la jurisdicción de Naguabo, cuyo estancia le correspondía en comun proindiviso con su hermana Doña Petronila, mediante el arreglo testamentario de los bienes quedados al falleci- miento de su padre Don José Maria Rios y su hermano Don José Ma. Rios y Gutman.

La Corte de Distrito de Humacao, por sentencia de dos de Noviembre del año próximo pasado, declaró con lugar la de- manda incidental, condenando en su consecuencia á la deman- dada Doña Maria Rios viuda de Rubio, á estar y pasar por el nombramiento de administrador para los bienes objeto de la demanda, cuyo administrador será nombrado por dicho Tri- bunal en virtud de las facultades discrecionales que la ley le concede, con las formalidades, facultades y deberes propios de dicho cargo, conforme á lo que juzgue aplicable de la Sec- ción 4ª., Título 9ª., Libro 2º., de la Ley de Enjuiciamiento Civil, con las costas del incidente á cargo de la expresada Doña Maria Rios.

Contra esa sentencia interpuso la representación de Doña Maria Rios recurso de apelación que le fué admitido; y eie- vados los autos á esta Corte Suprema, prévia citación y em- plazamiento de las partes, después de haber evacuado éstas el trámite de instrucción, se señaló dia para la vista, á cuyo acto asistió únicamente el abogado de las partes apeladas.

Tales son los precedentes del recurso sometido hoy á la decisión de esta Corte Suprema.

Como se vé, la cuestión jurídica planteada no es otra que la procedencia ó improcedencia del nombramiento de Admi- nistrador de las fincas rústicas detalladas en la demanda. Esas fincas pertencen actualmente, proindiviso y por partes iguales, á Doña Petronila Patricia Rios de Noya y á su her- mana Doña María Rios, viuda de Rubio, como así lo revelan las inscripciones de ese condominio, verificadas en el Regis- tro de la Propiedad de Humacao, á virtud de expediente de

dominio, aprobado por auto de diez y seis de Noviembre de
mil novecientos uno; y por más que la nulidad de ese expe-
diente de dominio sea materia de un juicio promovido por
Doña María Rios, mientras no se declare la nulidad preten-
dida, el condominio subsiste con todas sus consecuencias le-
gales, existiendo, por tanto, actualmente, una verdadera co-
munidad de bienes, que á falta de contratos ó disposiciones
especiales, debe regirse por las prescripciones del Título 3, del
Libro 2, del Código Civil vigente.·

Ese Título, después de establecer algunos preceptos re-
guladores de la comunidad de bienes, dice textualmente en
su artciculo 405, que es copia del 398 del Código anterior:
"Para la administración y mejor disfrute de la cosa comun
serán obligatorios los acuerdos de la mayoría de los partíci-
pes.   No habrá mayoría, sino cuando el acuerdo esté tomado
por los partícipes que representen la mayor cantidad de los
intereses que constituyan el objeto de la comunidad.   Si no
resultare mayoría, ó el acuerdo de ésta fuere gravemente per-
judicial á los ineresados en la cosa común, la Corte de Dis-
trito proveera, á instancia de parte, lo que corresponda, in-
cluso nombrar un administrador.   Cuando parte de la cosa
perteneciere privadamente á un partícipe ó á algunos de ellos,
y otra fuere común, solo á ésta será aplicable la disposición
anterior."

En el presente caso Doña Petronila y Doña María Rios,
lejos de estar conformes en la administración y disfrute de
los bienes comunes, están en completa desavenencia hasta el
punto de haber entablado pleito la primera contra la segunda
para la división de la comunidad, y la segunda contra la pri-
mera para la nulidad de dicha comunidad, habiendo llegado,
por tanto, el caso previsto por la ley de que la Corte de Dis-
trito de Humacao provea el nombramiento de un admistra-
dor dentro del ejercicio de sus facultades discrecionales.

A ello no se opone el contrato de arrendamiento de la
hacienda "San José de las Mulas," una de las fincas comunes,
celebrado entre Doña Manuela Gutman y Don Ricardo Rubio,

difunto esposo de Doña María Rios, en trece de Noviembre de
1897, por término de cuatro años, pues aparte de que la exis-
tencia de la comunidad fué posterior á esa fecha, el térmio de
dicho contrato habia vencido al solicitarse la administración,
y no hay méritos en autos para estimar que aún debiera durar
á virtud de tácita reconducción, por el tiempo que previene el
artculo 1566 del antíguo Código Civil, en relación con los
1577 y 1581, cuyos artículos son los 1469, 1480 y 1484 del vi--
gente Código reformado; á más de que la existencia del arren-
damiento no impediría el ejercicio de las funciones del admi-
nistrador judicial nombrado, como tampoco la administración
judicial prejuzga el resultado de los pleitos pendientes sobre
división de la comunidad y nulidad del expediente de dominio
y de la transacción que lo motivó, pues la administración se
subordina al resultado de esos pleitos y subsistirá ó no, según
sea ó no compatible con las resoluciones finales que en ellos
recaigan.

Tampoco cabe duda alguna de que la cuestión que se de-
bate es y debe calificarse de incidental al pleito sobre división
de la comunidad de bienes que han de someterse á la adminis-
tración, pues tiene relación inmediata con el objeto de dicho
pleito, y la jurisprudencia práctica de los Tribunales ha esta-
blecido que la administración de bienes sujetos á juicio, forma
incidente separado del juicio mismo, facilitando así el curso
de los autos principales, sin que los largos trámites de un
juicio ordinario sean necesarios para considerar y decidir
puntos de mera administración.

Por las razones expuestas somos de opinión que debe con-
firmarse la sentencia que dictó la Corte de Distrito de Huma-
cao en dos de Noviembre del año próximo pasado, con las cos-
tas del recurso también á cargo de la parte apelante.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Aso-
ciados, Figueras, MacLeary y Wolf.